IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RICHARD COSTOW : | |
|     Plaintiff : | Civil Action No. 1:18-cv-11639 |
| vs. : | |
| PNC BANK, N.A., a/k/a PNC FINANCIAL : | |
| SERVICES GROUP, INC. trading as PNC : | |
| BANK SPRINGDALE PLAZA : | |
|     and : | |
| SPRINGDALE CENTER LLC : | |
|     Defendants : | |

## COMPLAINT

Plaintiff Richard Costow, through the undersigned attorney, Goldfein & Joseph, PC, by way of Complaint in a civil action, pleads as follows:

1. Plaintiff is an adult individual residing in the Township of Cherry Hill, County of Camden and State of New Jersey.

2. Defendant PNC Bank, N.A. a/k/a PNC Financial Services Group Inc., trading as PNC Bank Springdale Plaza (PNC) is a private, for-profit corporation regularly conducting business as a banking, money lending and financial institution in the County of Camden in the State of New Jersey, with main offices at 300 Fifth Avenue, The Tower at PNC Plaza, Pittsburgh, PA 15222.

3. Defendant Springdale Center LLC (SCLLC) is a private, for-profit limited liability company located at Springdale Plaza, 1900 Greentree Rd, Cherry Hill, NJ 08003.

4. Subject Matter Jurisdiction for this action in federal district court is founded on United States Code, federal statute 28 U.S.C. §1331 for Federal Question Jurisdiction. Plaintiff is bringing claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §

12101-12102, 12134 et. seq., and 12201, et seq., a federal statute granting jurisdiction to the federal district courts.

5. Subject Matter Jurisdiction in the United States District Court for the state law claims herein, brought pursuant to the New Jersey Law Against Discrimination (LAD), NJSA 10:5-12, is founded on the doctrine of Supplemental Jurisdiction, 28 U.S.C. § 1367(a), in that all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts and form part of the same case or controversy; and the federal and state law claims would ordinarily be expected to be tried in one judicial proceeding.

6. Venue in the United States District Court of the District of New Jersey is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiff's claims arose within this Judicial District. The services plaintiff attempted to use were all located within the County of Camden in the State of New Jersey.

7. Plaintiff brings this action by filing this Civil Complaint in accordance with the Federal Rules of Civil Procedure and the local civil rules of the District of New Jersey on the grounds that Defendants have in the past engaged and are presently engaging in discriminatory practices against individuals with disabilities. This civil action is necessary to compel compliance with the accessibility provisions of the state and federal laws cited herein. Defendants are failing to comply with the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973 (RA) and the New Jersey Law Against Discrimination (LAD), and are failing to allow full and equal access to persons with disabilities of their facilities, which are open to the public.

## COUNT ONE
## (Violation of ADA & LAD by All Defendants)

8.  Plaintiff incorporates the above averments into this count as if repeated at length herein.

9.  At all relevant times, and continuing to the present day, SCLLC owns and operates the Springdale Plaza located at 1900 Greentree Road, Cherry Hill, Camden County, State of New Jersey.

10. Springdale Plaza is a strip mall containing a number of private, separately-owned businesses that are open to the public. SCLLC is the owner of the land including the parking areas, sidewalks and buildings. SCLLC is also the commercial landlord, proving space to the business tenants there and collecting rent from said tenants.

11. PNC is one of the businesses at the Springdale Plaza and is known as an anchor store, being the biggest draw to the strip mall and taking up the largest space of any tenant.

12. PNC is open for business to the public and pays rent for the space it occupies at the Springdale Plaza.

13. Springdale Plaza has a number of other businesses open to the public including restaurants that Plaintiff tried to patronize and still wants to patronize, but cannot due to the lack of wheelchair accessibility at Springdale Plaza.

14. Plaintiff is an individual with a qualifying disability. He has a serious and permanent medical condition causing him to be disabled and requiring him to use a wheelchair for all ambulation and a modified-handicap van for driving.

15. On or about May 1, 2018 and again on July 13, 2018, plaintiff visited the Springdale Plaza with the intention of going to PNC as a potential customer of PNC as well as other businesses (restaurants) therein.

16. On the above dates and continuing to the present there is no handicap parking and no curb cut at or near PNC Bank or the restaurants at Springdale Plaza. The only handicap parking and curb cut are at the far end of the Springdale Plaza, completely on the other side of the property from where PNC is located, and almost completely hidden from sight. A person driving by would be unlikely to even see the handicap parking and curb cut area as it is way off to the side and out of sight.

17. This setup forces plaintiff and all other disabled persons to have to traverse the entire length of the property, from one end to the other, in order to enter PNC and use its services. The length plaintiff had to travel from his vehicle to PNC's door was unreasonably far due to the lack of handicap parking and curb cut in the area of PNC; so far that it was unreasonable and prevented plaintiff and other like him from patronizing the businesses at Springdale Plaza.

18. Plaintiff has the present intention of returning to PNC and other businesses at Springdale Plaza, but is prevented from doing so due to the lack of handicap access as described above.

19. The aforementioned incidents proximately caused plaintiff to suffer inconvenience, frustration, embarrassment, distress and hardship.

20. The ADA requires that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

21. The aforementioned failure of Defendants to provide access or reasonable accommodations to plaintiff is a violation of Title III of the federal Americans With Disabilities Act (ADA).

22. Defendants, as private businesses and owners and/or occupants of Springdale Plaza, are subject to the laws and regulations of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131-12134

23. Congress enacted the ADA in 1990 "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). It found that "historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem." 42 U.S.C. § 12101(a)(2).

24. Plaintiff is a person with disabilities covered by title III of the ADA. 42 U.S.C. §§ 12102.

25. Defendants failed to provide plaintiff with reasonable accommodations to address his disabilities by providing reasonable handicap parking and curb cuts.

26. Defendants violated the ADA by failing to provide reasonable accommodations to plaintiff and for failing to make its facilities wheelchair accessible.

27. Defendants' aforementioned acts and omissions, in violation of title III of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. and the New Jersey Law Against Discrimination (LAD), NJSA 10:5-12, proximately resulted in actual damages to Plaintiff, as averred specifically above, and continue to cause damages to

plaintiff by preventing him from patronizing and enjoying the businesses at the Springdale Plaza, despite their being open to the general public.

WHEREFORE, Plaintiff further demands judgment against all defendants for declaratory and injunctive relief as follows: (a) Declaring that defendants have violated title III of the ADA, 42 U.S.C. § 12101 et seq. and the New Jersey Law Against Discrimination (LAD), NJSA 10:5-12, and that defendants are unlawfully failing to make reasonable accommodations for plaintiff and other disabled persons who are wheelchair-bound or otherwise have ambulatory limitations; (b) Enjoining defendants from continuing to provide services to the general public while failing to provide the above-mentioned reasonable accommodations to disabled persons, and compelling defendants to immediately bring the Springdale Plaza into compliance with the ADA and LAD by providing sufficient number and placement of handicap parking spaces, signage and curb cuts; (c) Awarding compensatory damages, punitive damages, attorney's fees, costs of litigation, prejudgment interest and other monetary damages in favor of plaintiff and against defendants; and (d) Ordering such other appropriate relief as the interests of justice may require.

### COUNT TWO
### (Violation of RA by PNC)

28. Plaintiff incorporates the above averments into this count as if repeated at length herein.

29. Plaintiff is a person with disabilities covered by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701.

30. At all relevant times, PNC has been a recipient of Federal financial assistance, and is therefore subject to the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulations, 45 C.F.R. Part 84.

31. Discrimination on the basis of disability is prohibited by Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a): "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

32. Defendant, which is a recipient of federal financial assistance, discriminates against "qualified individual[s] with a disability" within the meaning of the RA by administering programs and services for the general public in a manner that denies individuals with disabilities the opportunity to receive the same or similar services in the most integrated setting appropriate to their needs. 29 U.S.C. § 794; 45 C.F.R. § 84.4.

33. By continuing to serve the general public while preventing access to those services to persons with ambulatory disabilities, and by failing to make reasonable accommodations for wheelchair-bound customers, and by failing to have handicap parking or curb cuts near the PNC store at Springdale Plaza, PNC is violating the RA and is liable to plaintiff under the RA.

34. Defendants' aforementioned acts and omissions, in violation of the RA, proximately resulted in actual damages to Plaintiff, as averred specifically above, and continue to cause damages to plaintiff by preventing him from patronizing and enjoying the businesses at the Springdale Plaza, despite their being open to the general public.

WHEREFORE, Plaintiff further demands judgment against all defendants for declaratory and injunctive relief as follows: (a) Declaring that defendants have violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 et seq., and that defendants are unlawfully failing to make reasonable accommodations for plaintiff and other disabled persons who are wheelchair-bound or otherwise have ambulatory limitations; (b) Enjoining defendants from continuing to provide services to the general public while failing to provide the above-mentioned reasonable accommodations to disabled persons, and compelling defendants to immediately bring the Springdale Plaza into compliance with the RA by providing sufficient number and placement of handicap parking spaces, signage and curb cuts; (c) Awarding compensatory damages, punitive damages, attorney's fees, costs of litigation, prejudgment interest and other monetary damages in favor of plaintiff and against defendants; and (d) Ordering such other appropriate relief as the interests of justice may require.

## COUNT THREE
### (Violation of the Fair Lending Laws by PNC)

35. Plaintiff incorporates the above averments into this count as if repeated at length herein.

36. One of the reasons plaintiff tried to enter PNC Bank at Springdale Plaza was to discuss their loan, financing, lending and mortgage offers, based on their marketing and advertising of low lending rates with the intention of possibly borrowing from PNC.

37. Due toe the aforementioned absence of wheelchair access, plaintiff was prevented from getting the aforementioned financing from PNC.

38. PNC therefore, by basically barricading handicap people from its store, as averred above, are engaging in lending discrimination against wheelchair-bound members of the public, specifically plaintiff in this case.

39. The aforementioned acts and omissions of PNC constitute a violation of the Fair Housing Act, 42 U.S.C. 3601-3619 (penalties for violation at 42 U.S.C. 3631) (FHA) and the Equal Credit Opportunity Act, 15 USC § 1591 (ECOA). The FHA was passed as part of the Civil Rights Act of 1968, and prohibits discrimination in many activities of the residential real estate industry besides lending. The act prohibits discrimination by race, color, religion, sex, handicap, familial status, and national origin. The Equal Credit Opportunity Act also prohibits lending discrimination. This act was passed in 1974 as an amendment to the much broader Consumer Credit Protection Act, passed in 1968. Specifically, the ECOA prohibits discrimination in all personal and commercial credit transactions based on race, color, religion, national origin, sex, marital status, age, and other bases including handicap. The prohibitions apply to anyone regularly extending credit or arranging for the extension of credit.

40. Plaintiff is a person with disabilities and is therefore covered by the FHA and ECOA. At all relevant times, PNC is a lender of credit and of residential mortgages, and is therefore subject to the provisions of the FHA and ECOA.

41. Discrimination on the basis of disability is prohibited by the FHA and ECOA; PNC. By continuing to serve the general public while preventing access to those services to persons with ambulatory disabilities, and by failing to make reasonable

accommodations for wheelchair-bound customers, and by failing to have handicap parking or curb cuts near PNC, PNC is violating the FHA and ECOA.

42. Defendants' aforementioned acts and omissions, in violation of the FHA and ECOA proximately resulted in actual damages to Plaintiff, as averred specifically above, and continue to cause damages to plaintiff by preventing him from patronizing and enjoying the businesses at the Springdale Plaza, despite their being open to the general public.

WHEREFORE, Plaintiff further demands judgment against all defendants for declaratory and injunctive relief as follows: (a) Declaring that defendants have violated the FHA and ECOA, and that defendants are unlawfully failing to make reasonable accommodations for plaintiff and other disabled persons who are wheelchair-bound or otherwise have ambulatory limitations; (b) Enjoining defendants from continuing to provide services to the general public while failing to provide the above-mentioned reasonable accommodations to disabled persons, and compelling defendants to immediately bring the Springdale Plaza into compliance with the FHA and ECOA by providing sufficient number and placement of handicap parking spaces, signage and curb cuts; (c) Awarding compensatory damages, punitive damages, attorney's fees, costs of litigation, prejudgment interest and other monetary damages in favor of plaintiff and against defendants; and (d) Ordering such other appropriate relief as the interests of justice may require.

## COUNT FOUR
### (Intentional Discrimination By All Defendants)

43. Plaintiff incorporates the above averments into this count as if repeated at length herein.

44.     The lack of wheelchair accessibility at the Springdale Plaza and at the PNC store there is so clear and obvious, so stark and brazen, that no reasonable person could be unaware of its unlawfulness.

45.     This lack of handicap accessibility has been going on for months if not years at the Springdale Plaza and the PNC store there, with no attempt to correct the glaring problem.

46.     It can therefore be inferred that defendants are acting with discriminatory intent in allowing this unlawful condition to persist.

47.     It is averred upon information and belief that defendants acted with intent to discriminate against wheelchair-bound members of the public to prevent them fro patronizing PNC and the other businesses at Springdale Plaza.

48.     Defendants at all relevant times acted in reckless disregard for (and with deliberate indifference to) the rights of plaintiff and other disabled members of the general public.

49.     Defendants intentionally deprived plaintiff services of the businesses at the Springdale Plaza and continue to discriminate against plaintiff due to his disability. Defendants' violations of plaintiff's rights under the ADA and other laws cited herein were so clear and obvious that discriminatory intent can be discerned therefrom.

50.     Defendants' intentional violation of the aforementioned laws against discrimination give rise to plaintiff's right to recover compensatory damages and punitive damages in this civil lawsuit.

51.     Said violations of law by Defendants proximately and legally caused plaintiff to suffer damages and injuries, including the impairment and prevention of Plaintiff's use

and enjoyment of the Defendants' services and access to the area in question, loss of enjoyment of life, emotional distress and the violation of the civil rights of Plaintiff and those similarly situated.

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff and against all Defendants individually, jointly and severally, for compensatory damages, punitive damages, attorney's fees and litigation costs with interest and all other relief to which Plaintiff is entitled under the law, or which this Court deems appropriate.

## **JURY DEMAND**

Plaintiff demands a jury of 12 persons for all issues so triable.

        GOLDFEIN & JOSEPH, PC
        Attorney for Plaintiff
By:   /s/ Stephen Cristal_____
        Stephen H. Cristal, Esquire (Federal Atty. ID #SC4765)
        1880 JFK Boulevard, 20th Floor, Philadelphia, PA 19103
        P: 215-979-8288, Fax: 215-914-6353, Email: scristal@goldfeinlaw.com

Dated: July 14, 2018