```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

RICHARD COSTOW

        Plaintiff,

  v.

PNC BANK N.A., a/k/a PNC
FINANCIAL SERVICES GROUP,
INC, d/b/a PNC BANK; and
SPRINGDALE PLAZA,

        Defendant.

1:18-cv-11639-NLH-KMW

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

STEPHEN CRISTAL
CRISTAL LAW FIRM LLC
100 SPRINGDALE ROAD, SUITE A3-223
CHERRY HILL, NJ 08003

   *On behalf of Plaintiff.*

**HILLMAN**, **District Judge**

WHEREAS, on July 14, 2018, Plaintiff Richard Costow ("Plaintiff") filed a complaint alleging that Defendants violated Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 ("ADA") and New Jersey's Law Against Discrimination ("NJLAD") by failing to provide necessary accommodations, namely, handicap parking and handicap-accessible curbs (ECF No. 1); and

WHEREAS, on July 20, 2018, Plaintiff filed an amended complaint raising similar allegations (ECF No. 3); and

WHEREAS, after Defendants were purportedly served with Plaintiff's amended complaint and failed to respond (see ECF Nos. 5-1 and 5-2 for proofs of service), on March 14, 2019, Plaintiff requested that the Clerk enter default against all defendants (ECF Nos. 5 & 6), which the Clerk did on March 30, 2019; and

WHEREAS, following a period of non-activity in this action, on November 1, 2019, the Clerk of this Court issued a notice of call for dismissal pursuant to Local Civil Rule 41.1(a) (ECF No. 8); and

WHEREAS, on November 11, 2019, Plaintiff filed a document characterized as an "Application/Petition for Proof Hearing for Assessment of Damages for Entry of Default" (see ECF Nos. 9-10) in which Plaintiff requests a hearing so that he may establish damages for purposes of seeking a default judgment; and

WHEREAS, entry of a default judgment requires two separate inquires. First, before reaching the issue of damages, the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Directv, Inc. v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *3 (D.N.J. Mar. 14, 2006)); and

WHEREAS, a party seeking default judgment "is not entitled to a default judgment as of a right," Franklin v. Nat'l Maritime Union of Am., No. 91-480, 1991 U.S. Dist. LEXIS 9819, at *3-4 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), aff'd, 972 F.2d 1331 (3d Cir. 1992); and

WHEREAS, the decision to enter a default judgment is "left primarily to the discretion of the district court," Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984); and

WHEREAS, second, if the Court finds that the entry of a default judgment is warranted, then the Court must determine "the amount of damages[.]"  See Fed. R. Civ. P. 55(b)(2)(B); and

WHEREAS, the Court has reviewed Plaintiff's submission and finds it deficient, preventing this Court from conducting the first portion of the required analysis.  Plaintiff does not include a brief explaining why he is entitled to default judgment, on what claims he is entitled to default judgment, the elements of those claims and how he has established each of those elements, and the appropriate measure of damages under those claims, see e.g., Qu Wang v. Fu Leen Meng Restaurant Limited Liability Company, 2018 WL 1027446, at *2 (D.N.J. 2018) (explaining the factors a court must consider in assessing a motion for default judgment); and

WHEREAS, Plaintiff correctly notes that in determining whether entry of a default judgment is warranted, the Court may "conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Smith v. Kroesen, No. 10-5723, 2015 U.S. Dist. LEXIS 108429, *12-13 (D.N.J. Aug. 18, 2015) (Hillman, J.) (quoting Fed. R. Civ. P. 55(b)(2)); and

WHEREAS, any such hearing "may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue." Id. at 13 (citations omitted); and

WHEREAS, before determining a proper damages calculation, however, Plaintiff must first establish that entry of a default judgment would be appropriate; and

WHEREAS, because Plaintiff has not established the appropriateness of a default judgment, this Court finds it need not hold a proof hearing solely on issue of damages at this time as such an analysis is premature;

THEREFORE,

IT IS on this ___13th___ day of ___November___, 2019

ORDERED that Plaintiff's Petition/Application for a Proof Hearing on damages(ECF Nos. 9-10) be, and the same hereby is, DENIED, WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff may file motion for default judgment - accompanied by a brief addressing the deficiencies noted herein and addressing the factors outlined in <u>Qu Wang</u> so that this Court may properly determine whether entry of default judgment would be appropriate - within fifteen (15) days of this Order.

<pre>
                                           s/ Noel L. Hillman
 At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.
</pre>